1  Lauren J. Katunich (State Bar No. 227599)
   LATHROP & GAGE, LLP
2  1888 Century Park East, Suite 1000
   Los Angeles, California  90067-1623
3  Telephone:  310.789.4600
   Facsimile:   310.789.4601
4

5  Richard N. Bien (Mo Bar No. 31398)
   J. Bradley Leitch (Mo Bar No. 42286)
   Darin P. Shreves (Mo Bar No. 64153)
6  LATHROP & GAGE, LLP
   2345 Grand Blvd., Suite 2200
7  Kansas City, Missouri 64108
   Telephone:  816.292.2000
8  Facsimile:   816.292.2001

9  *Attorneys For Defendant First Trust
   Company Of Onaga*
10

11              **UNITED STATES DISTRICT COURT**

12        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

13

14  ALBERT CALDERON, an          Case No.  **'15 CV 1632 BAS NLS**
    individual; LAURENCE
15  GLEASON, an individual; INGA   Assigned to the Honorable
    GLEASON, an individual; SUSAN
16  ANTONUCCI, an individual;      _____
    CHRISTOPHER BRYANT, an
17  individual; DAVID KIP WILLETT,  **NOTICE OF REMOVAL**
    an individual; DAVID GREEN, an
18  individual; JOLIE CARTIER, an   Complaint Filed:  May 16, 2015
    individual; DONALD CLUGSTON,
19  an individual; GEORGE RASOR, an  (San Diego Superior Court
    individual; CHOYUNN CORNELL,    No. 37-2014-00015682-CU-SL-CTL)
20  an individual; MICHAEL SITTO, an
    individual; GLORIA TEMPLIN, an
21  individual; JAMES MATTHEW
    CONSOLE, an individual; AMY
22  DURSCHLAG, an individual;
    MICHAEL DURSCHLAG, an
23  individual; ANTHONY N.
    LEONARD, an individual;
24  KIMBERLY A. MCKINNEY, an
    individual; KATHLEEN MELLOR,
25  an individual; RICHARD MELLOR,
    an individual, JOHN PATERICK, an
26  individual; ALON SAADO, an
    individual, STEPHEN WOOD, an
27  individual; JACK WYNNE, an
    individual; TUULA WYNNE, an
28  individual; DONN YOVER, an
    individual; JODEL YOVER, an

                    NOTICE OF REMOVAL

1    individual; on behalf of themselves
and all others similarly situated,

2

              Plaintiffs,

3

        v.

4

5    TOTAL WEALTH
MANAGEMENT, INC., a California
Corporation; JACOB COOPER, an

6    individual; JED COOPER, an
individual; ALTUS CAPITAL

7    OPPORTUNITY FUND, L.P., a
Delaware Limited Partnership;

8    AEGIS ATLANTIC, LLC; AEGIS
HOLDING COMPANY, LLC;

9    AEGIS HOSPITALITY
HOLDINGS, LLC; AEGIS RETAIL

10    GROUP, LLC; ALTUS
CONSERVATIVE PORTFOLIO

11    SERIES, LP; ALTUS FOCUSED
GROWTH PORTFOLIO SERIES,

12    LP; ALTUS INCOME PORTFOLIO
SERIES, LP; ALTUS

13    MANAGEMENT, LLC; ALTUS
MODERATE GROWTH

14    PORTFOLIO SERIES, LP; ALTUS
MODERATE PORTFOLIO

15    SERIES, LP; ANDESITE FINANCE
COMPANY LLC; ANDESITE

16    MORTGAGE POOL, LLC,
CAPITAL ADVISORS, INC.;

17    JOHANN DE VILLIERS, an
individual; MARK DIONNE, an

18    individual; FINANCIAL COUNCIL,
INC.; FIRST TRUST COMPANY

19    OF ONAGA; BRITTANY E.
FOWLER, an individual;

20    TERRENCE P. GOGGIN, an
individual; TONY M. HARTMAN,

21    an individual; SUSAN LAKOSIL, an
individual; LJL FUNDING LLC;

22    LJL SECURED HIGH YIELD
INCOME FUND LLC; MARK

23    LUKIN, an individual; NATHAN
MCNAMEE, an individual;

24    PINNACLE WEALTH GROUP,
INC.; PRIVATE PLACEMENT

25    CAPITAL NOTES II, LLC; DAVID
SHOEMAKER, an individual; JOEL

26    SJOSTROM, an individual; SOCAL
ACCOUNTING, INC., and DOES 1

27    to 100, inclusive,

28               Defendants.

NOTICE OF REMOVAL

1      TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

2  DISTRICT OF CALIFORNIA AND TO ALL COUNSEL OF RECORD:

3      PLEASE TAKE NOTICE that Defendant First Trust Company of Onaga

4  ("FTCO"), hereby removes the above-referenced action, Case No. 37-2014-

5  00015682-CU-SL-CTL, from the Superior Court of California for the County of

6  San Diego County, to the United States District Court for the Southern District of

7  California, based on the Class Action Fairness Act jurisdiction pursuant to 28

8  U.S.C. §§ 1332(d), 1441, 1446, and 1453.

9      In support of this Notice, FTCO states as follows:

10  **I.**    **BACKGROUND**

11      1.    On June 15, 2015, Plaintiffs filed a Second Amended Class Action

12  Complaint ("Complaint") by which it added FTCO as a defendant in an action

13  originally filed May 16, 2014 in the Superior Court of California, County of San

14  Diego.  **Exhibit A**, Complaint at 1.

15      2.    In compliance with 28 U.S.C. § 1446(a), copies of the Complaint and

16  service papers are attached as **Exhibits A and B**.[1]  FTCO has not answered or

17  otherwise filed a response to the Complaint.

18      3.    FTCO was served a copy of the Complaint by certified mail on June

19  25, 2015.  **Exhibit C** hereto, Declaration of Bradley E. Scafe, ¶¶ 5-6.

20      4.    Very generally, Plaintiffs allege that they were "investment advisory

21  clients" of defendant Total Wealth Management ("TWM") and were caused to

22  invest funds to be placed in various investments and assets created or maintained by

23  various defendants other than FTCO based on misrepresentations regarding various

24  non-FTCO-defendants' expertise, the assets and investments, and how Plaintiffs'

25  funds were being managed.  Plaintiffs also allege that the money they invested was

26

27      [1] Documents served on FTCO with the Second Amended Complaint are attached hereto as Exhibit B and

28  include:  Summons; Civil Case Cover Sheet; Complaint; Stipulation to Use Alternative Dispute Resolution; First Amended Complaint; Notice of Case Assignment and Case Management Conference; Amendment to Complaint; Proof of Service of Summons; Electronic Filing Requirements of the San Diego Superior Court; General Order of the Presiding Department.

NOTICE OF REMOVAL

used for various improper purposes to benefit various non-FTCO defendants, including "to pay [non-FTCO defendants] performance fees based on artificially inflated portfolio values," to pay such defendants "kickbacks," and other facts making up a scheme generally to defraud Plaintiffs.  Ex. A, Complaint, at 1-3, ¶¶ 1-6, at 11, ¶ 45 ("the TWM team was taking unlawful kickbacks"), and at 14-15, ¶ 61.

5.      Plaintiffs allege almost $100,000,000 was invested by victims of this scheme, and that the putative class members sustained damages in excess of $50,000,000.  *Id*. at 1-2, ¶ 4, and at 42, ¶ 157.

6.      FTCO is a trust company (id., ¶ 3), which acts as a custodian of assets that its clients purchase from or through other entities.  FTCO's relationship with each of its clients (some of the putative Plaintiffs herein) arises out of a contract titled Traditional Roth Individual Retirement Account Agreement or Roth Individual Retirement Account Agreement (collectively, "IRA Account Agreement").  (An example of a Traditional IRA Account Agreement is attached hereto as **Exhibit D**.)  Plaintiffs' rights and FTCO's obligations with respect to each other arise out of such an agreement and, therefore, any claim by any Plaintiff against FTCO would be based on the IRA Account Agreement and would sound in breach of contract.

7.      Notwithstanding their contracts with FTCO, Plaintiffs allege causes of action against FTCO of Suppression of Material Facts, Aid [sic] and Abetting Suppression of Material Fact, and Aid [sic] and Abetting Breach of Fiduciary Duty.  Ex. A, Complaint, at 49-51, Causes of **Action** Eleven, Twelve, and Fourteen.[2]

---

[2] Against defendants other than FTCO, including (i) the issuers of the securities, (ii) parties involved in the issuance, sales, marketing, and other matters regarding the securities, and (iii) other defendants involved in various ways in the alleged fraudulent scheme, Plaintiffs allege causes of action for:  Fraudulent Sale of Securities, Control of Party Making Fraudulent Sale of Securities, Materially Assisting Fraudulent Sale of Securities, Suppression of Material Facts, Aid and Abetting Suppression of Material Fact, Breach of Fiduciary Duty, and Aid and Abetting Breach of Fiduciary Duty.  *Id*. at 43-51, Causes of Action One through Fourteen.

NOTICE OF REMOVAL

II.   **ORIGINAL JURISDICTION EXISTS UNDER CAFA, 28 U.S.C. § 1332(D).**

8.   This Court has original jurisdiction over this case and removal is appropriate under CAFA, 28 U.S.C. § 1332(d).  Under CAFA, federal courts have jurisdiction over class actions in which there are at least 100 class members; the amount in controversy exceeds $5,000,000 in the aggregate; and there is minimal (as opposed to complete) diversity among the parties *i.e*., any class member and any defendant are citizens of different states.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)).  Class actions that meet the above requirements are removable under 28 U.S.C. § 1453(b).  As the following establishes, each of these requirements is satisfied in this action.

### A.   **There are More Than 100 Putative Class Members.**

9.   Plaintiffs allege that the class consists of "all TWM's investment advisory clients whose funds were placed in or passed through TWM, ACOF or the series of unregistered fund of funds referred to as the 'Altus Portfolio Series' who suffered damages."  Ex. A, Complaint, at 42, ¶ 149.[3]

10.   In TWM's 2014 Form ADV ("Uniform Application for Investment Adviser Registration and Report by Exempt Reporting Advisers") dated December 11, 2014, TWM represented that it provided investment advisor services to approximately 600 clients in its most recently completed fiscal year.  **Exhibit E**, Form ADV at 13-14.

11.   The Securities and Exchange Commission (SEC), in an Order Instituting Administrative And Cease-And-Desist Proceedings under various Securities Acts on April 15, 2014 against TWM and other defendants herein, indicated that TWM "has approximately $90.2 million under management *in 481 client accounts*."   **Exhibit F,** Order Instituting Administrative And Cease-And-Desist Proceedings dated April 15, 2014, at 2, ¶ 4 (emphasis added).

---

[3] TWM refers to defendant Total Wealth Management.  *Id*. at 1, ¶ 1.

12.     In a Complaint against TWM and defendant herein Jacob Cooper filed in a case styled *Securities and Exchange Commission v. Total Wealth Management, Inc.*, Case No. 15CV0226 (S.D. Cal.), the SEC alleged that in December 2014, TWM "had approximately $103 million under management **in 773 client accounts**." **Exhibit G**, Complaint, at 4, ¶ 13 (emphasis added).

13.     The foregoing statements by TWM and allegations by the SEC establish that there are more than 100 potential class members.

**B.     The Citizenships Of FTCO And At Least One Plaintiff Are Diverse.**

14.     FTCO is a Kansas limited powers trust company with its principal place of business in Onaga, Kansas.  **Exhibit C**, Decl. of B. Scafe at ¶¶ 3-4 .  The named plaintiffs are California residents.  Ex. A, Complaint, ¶ 17.  Accordingly, the parties are diverse for purposes of CAFA removal, which requires only that any member of the proposed plaintiff class have state citizenship different from any defendant's citizenship.  *See Serrano*, 478 F.3d at 1020.

**C.     The Amount In Controversy Likely Exceeds $5,000,000.**

15.     In Plaintiffs' Eleventh Cause of Action, which they assert against FTCO, they allege that "[a]s a direct and proximate result of the omitted facts plaintiffs suffered damages in excess of $40,000,000."  Ex. A, Complaint, at 49-50, ¶¶ 196-200.  The amount in controversy thus exceeds the statutory requirement of $5,000,000.00.

**III.     OTHER REQUIREMENTS FOR REMOVAL ARE MET.**

16.     Removal is timely.  A notice of removal may be filed within 30 days after the removing defendant is served with a copy of the initial pleading, motion or other paper from which it may be ascertained that the case is removable.  28.U.S.C. 1446(b).  FTCO was served on June 25, 2015.  Ex. C, Decl. of B. Scafe, ¶¶ 5-6.[4]

---

[4] The one-year limit on removals imposed by 28 U.S.C. §1446(c)(1) does not apply to class actions.  *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006), citing 28 U.S.C. § 1453(b).

NOTICE OF REMOVAL

17.     Removal to this court is proper pursuant to 28 U.S.C. §§ 1446(a) and 1441(a) because this Court is the United States District Court for the "district and division embracing the place where" the action was filed – the Superior Court of California, County of San Diego.

18.     In compliance with 28 U.S.C. § 1446(a)(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California, County of San Diego, and is being served on all counsel of record.

19.     Because this removal is pursuant to 28 U.S.C. § 1332(d) (CAFA), the consent of the other defendants in this case is not required.  *See United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Svc. Workers Int'l. Union v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008), citing 28 U.S.C. § 1453(b).

20.     FTCO hereby reserves all defenses and objections to Plaintiffs' Second Amended Complaint, including but not limited to: lack of personal jurisdiction, improper venue, *forum non conveniens*, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to satisfy the requirements of class certification.

Therefore, Defendant First Trust Company of Onaga, LLC hereby removes this action from the Superior Court of the State of California for San Diego County to the United States District Court for Southern District for further proceedings according to law.

Dated:        July 22, 2015                        Lathrop & Gage LLP


                                                   By:/s/ Lauren Katunich
                                                   Lauren J. Katunich
                                                   Attorneys for Defendant First Trust
                                                   Company of Onaga

NOTICE OF REMOVAL

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on July 22, 2015, a copy of this **NOTICE OF**

3

**REMOVAL** was filed electronically and served **VIA US MAIL** on the interested

4

parties in this action as indicated below:

5

6
7
8
9
10

| | |
|---|---|
| Michael J. Aguirre, Esq.<br>Maria Severson, Esq.<br>**AGUIRRE & SEVERSON, LLP**<br>501 West Broadway, Suite 1050<br>San Diego, California 92101<br>Telephone:  (619) 780-2752<br>Facsimile:  (619) 876-5368<br>Email:  maguirre@amslawyers.com<br>mseverson@amslawyers.com<br>*Attorneys for Plaintiffs* | Paul M. Jonna, Esq.<br>**LAW OFFICES OF CHARLES S.**<br>**LiMANDRI, APC**<br>P.O. Box 9120<br>Rancho Santa Fe, California 92067<br>Telephone:  (858) 759-9930<br>Facsimile:  (858) 759-9938<br>Email:  pjonna@limandri.com<br>*Attorneys for Plaintiffs* |
| Alan W. Sparer, Esq.<br>Michael L. Gallo, Esq.<br>Marc Haber, Esq.<br>**SPARER LAW GROUP**<br>100 Pine Street, 33rd Floor<br>San Francisco, California  94111<br>Telephone:  (415) 217-7300<br>Facsimile:  (415) 217-7307<br>Email:  asparer@sparerlaw.com<br>mgallo@sparerlaw.com<br>mhaber@sparerlaw.com<br>*Attorneys for Defendants Altus Capital Opportunity Fund LP, Jacob Cooper, and Total Wealth Management, Inc.* | Heather L. Rosing, Esq.<br>Samuel B. Strohbehn, Esq.<br>Jamie M. Ritterbeck, Esq.<br>**KLINEDINST PC**<br>501 West Broadway, Suite 600<br>San Diego, California  92101<br>Telephone:  (619) 239-8131<br>Facsimile:  (619) 238-8707<br>Email:  jritterbeck@klinedinstlaw.com<br>*Attorneys for Defendants Mark Dionne and Socal Accounting, Inc.* |
| Christina L. Geraci, Esq.<br>Jenny Park, Esq.<br>**GERACI LAW FIRM**<br>90 Discovery<br>Irvine, California 92618<br>Telephone:  (949) 379-2600<br>Facsimile:  (949) 379-2610<br>Email:  Christina@geracilawfirm.com<br>jenny.park@geracilawfirm.com<br>*Attorneys for Andesite Finance Company LLC; LJL Funding LLC; LJL Secure High Yield Income Fund LLC; Susan Lakosil* | Mikel R. Bistrow, Esq.<br>**BALLARD SPAHR LLP**<br>655 West Broadway, Suite 1600<br>San Diego, California 92101-8494<br>Telephone:  (619) 696-9200<br>Facsimile:  (619) 696-9269<br>Email:  bistrowm@ballardspahr.com<br>*Attorneys for Richard M. Kipperman, Receiver* |

| | |
|---|---|
| Isi Mataele, Esq.<br>**MATAELE LAW OFFICES**<br>4660 La Jolla Village Drive, Suite 500<br>San Diego, California  92122<br>Telephone:  (619) 709-0998<br>Email:  mataelelaw@gmail.com<br>*Attorneys for Defendant Jed Cooper* | Joshua A. Del Castillo Esq.<br>**ALLEN MATKINS LECK**<br>**GAMBLE MALLORY & NATSIS,**<br>**LLP**<br>515 South Figueroa Street, 9th Floor<br>Los Angeles, California  90071<br>Telephone:  (213) 622-5555<br>Email:  jdelcastillo@allenmatkins.com<br>*Attorneys for Total Wealth*<br>*Management Inc., and Altus Capital*<br>*Opportunity Fund LP* |

Dated:        July 22, 2015          Lathrop & Gage LLP


By:/s/ Lauren Katunich
Lauren J. Katunich
Attorneys for Defendant First Trust
Company of Onaga

24344548v2

NOTICE OF REMOVAL