UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CALDERON, an individual on behalf of himself and all others similarly situated, et al.,<br><br>                                  Plaintiffs,<br><br>v.<br><br>TOTAL WEALTH MANAGEMENT, INC., et al.<br>                                  Defendants. | Case No.: 15CV1632 BEN (NLS)<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>[Docket No. 14] |

      This case was removed by Defendant First Trust Company of Onaga ("FTCO") based on jurisdiction under the Class Action Fairness Act. (Docket No. 1.) Plaintiffs move to remand the case to state court based on two exceptions to CAFA. (Docket No. 14.) Because Plaintiffs have failed to establish that either exception applies, the Court **DENIES** the Motion to Remand. However, the Court grants Plaintiffs' request for leave to conduct limited jurisdictional discovery and file a renewed motion to remand if it can be supported by evidence.

## BACKGROUND[1]

      Plaintiffs allege that the numerous individual Defendants, operating under the brand name Total Wealth Management and a number of affiliated companies presented

---

[1] The Court only notes the allegations as relevant to the Motion to Remand.

1

themselves to the public as an investment advisory business that would help investors organize a safe portfolio of investments. Defendants allegedly falsely represented the portfolios would provide low risk investments using risk management tools and take into account tax implications. However, unbeknownst to Plaintiffs, Defendants were actually routing Plaintiffs' funds to investment companies that were paying Defendants a percentage of the money they generated from Plaintiffs. Plaintiffs allege more than $100,000,000 was raised through the scheme and damages are in excess of $50,000,000. Plaintiffs also allege that Defendants generated client investors through a weekly local radio show called Uncommon Wealth. Plaintiffs assert fourteen state-law claims.

The proposed class is "TWM's investment advisory clients whose funds were placed in or passed through TWM, ACOF, or the series of unregistered fund of funds referred to as the 'Atlus Portfolio Series' who suffered damages." (Second Amended Complaint ("SAC") ¶ 149.) FTCO's Notice of Removal provides evidence that Defendants had between 400 and 800 clients when they were engaging in this scheme. Plaintiffs allege that all 27 named Plaintiffs are residents of San Diego.

## DISCUSSION

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $ 5 million." *Dart*, 135 S. Ct. at 552 (citing 28 U.S.C. § 1332(d)(2), (5)(B) and *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013)). These requirements are met.[2]

///

---

[2] Plaintiff does not assert that any of these requirements are not met.

2

## I.     CAFA Exceptions

Plaintiffs assert that two exceptions to CAFA jurisdiction— the local controversy and home-state controversy exceptions—apply and require remand.  When either exception applies, the Court "shall decline to exercise jurisdiction."  § 1332(d)(4).  As "the party seeking remand," Plaintiffs "bear[] the burden to prove an exception to CAFA's jurisdiction."  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) (discussing local controversy exception, § 1332(d)(4)(A), and home-state controversy exception, § 1332(d)(4)(B)); *see also Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015) ("plaintiff bears burden of showing that this provision, known as the 'local controversy exception,' applies to the facts of a given case.").

The local controversy exception in intended to keep "class actions with a truly local focus" before the state courts.  *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 2015 WL 4939641, at *4 (9th Cir. 2015) (quoting S.Rep. No. 109-14, at 39 (2005)). Although it is a narrow exception, when the requirements are met, "a district court is required to remand the class action back to the originating state court."  *Id.* at *4-5 (citing *Benko*, 789 F.3d at 1116 and *Serrano*, 478 F.3d at 1022).  The first element of the local controversy exception—that more than two-thirds of the proposed class are citizens of California—is at issue here.  § 1332(d)(4)(A)(i)(I).[3]  The home-state controversy

---

[3] The full exception provides as follows:
   A district court shall decline to exercise jurisdiction under [CAFA]
      (A)(i) over a class action in which—
         (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
         (II) at least 1 defendant is a defendant—
            (aa) from whom significant relief is sought by members of the plaintiff class;
            (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
            (cc) who is a citizen of the State in which the action was originally filed; and
         (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

3

exception also requires that "two-thirds or more of the members of all proposed plaintiff classes in the aggregate . . . are citizens of the state in which the action was originally filed." § 1332(d)(4)(B).[4]

"[T]here must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 884 (9th Cir. 2013) (joining three other circuits). "A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." *Id.* (citing *Valdez v. All State Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)).

In *Mondragon*, the Ninth Circuit disagreed with a district court inferring that the proposed classes were at least two-thirds California citizens when each was defined as persons that purchased and registered a car in California during the class period.[5] *Id.* at 881-83. The Ninth Circuit found the inference understandable, but concluded that evidence was required. *Id.* at 884 ("we would guess more than two-thirds" of the prospective class were California citizens, "[b]ut it is also likely that some of them were not.").

There are two key points in *Mondragon* that are relevant here. First, "[a] complete lack of evidence does not satisfy [the preponderance of the evidence] standard." *Id.* at 884. Plaintiffs have provided a complete lack of evidence as to the citizenship of the

---

    (ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

[4] The full exception provides "(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." § 1332(d)(4)(B).

[5] The *Mondragon* decision notes that "a pure inference regarding the citizenship of prospective class members may be sufficient if the class is defined as limited to citizens of the state in question, but otherwise such a finding should not be based on guesswork." *Mondragon*, 736 F.3d at 881-82. Here, the proposed class is not limited to citizens of California.

class. The only evidence submitted by Plaintiffs is a declaration that asserts that Plaintiffs' Counsel has "received inquiries about the case by other plaintiffs that would fit into the class of those damaged by defendants. Every potential class member with whom I spoke was a California *resident* and whose investment funds were solicited in California." (Decl. of Maria C. Severson in Supp. of Pls.' Mot. to Remand ¶ 7 (emphasis added).) The declaration only addresses residency, not citizenship, and provides no evidence indicating how many potential class members—estimated from evidence submitted by FTCO on removal to exceed at least 400—are California citizens.[6] Although the Court is "permitted to make reasonable inferences from facts in evidence" when evaluating the applicability of the exception, concluding more than two-thirds of a class of hundreds are California citizens based on the assertion that inquiries have been received and some unknown number of people calling are California residents is not a reasonable inference.

This is particularly true in light of the second key point from *Mondragon*. "[J]urisdictional findings of fact should be based on more than guesswork." *Id.* at 884. There is some appeal to deducing that more than two-thirds of the proposed class are California citizens. Defendants are California entities that allegedly operated out of San Diego and generated clients from a local radio broadcast. It appears to be the kind of local controversy the CAFA exceptions seek to keep in state court. However, this deduction is no different than concluding that two-thirds of the class are California citizens because the class was limited to those that purchased and registered their cars in California. The Ninth Circuit rejected this as "sensible guesswork, based on a sense of

---

[6] The Court acknowledges a connection between residency and citizenship. In *Mondragon*, the panel observes "that a party with the burden of proving citizenship may rely on the presumption of continuing domicile" and notes that some courts "treat a person's residence as prima facie evidence of the person's domicile," although the panel declines to adopt that presumption. 736 F.3d at 885-86. However, the court also found that a "residential address in California does not mean that person is a citizen of California." *Id.* at 884 (citing *Kanter v. Warner-Lamber*, 265 F.3d 853, 857 (9th Cir. 2001)).

1 how the world works, but guesswork nonetheless." *Id.* at 884 (quoting *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010). Additionally, the court noted the likelihood that "some automobiles were purchased and registered in California by members of the military, by out-of-state students, by owners of second homes, by other temporary residents who maintained legal citizenship in other states, and by person who live in California but are not U.S. citizens." *Id.* 884. Similar circumstances and others might apply to the proposed class here. The class proposed here also lacks the California-specific class limitations that were themselves insufficient in *Mondragon*.

However reasonable it might be, the Court cannot infer the class is more than two-thirds California citizens based solely on the allegations of the SAC and the single piece of evidence submitted addressing only residency of an unknown number of potential members. Plaintiffs have not met their burden.

Based on the foregoing, the Motion to Remand is **DENIED**.

## II.  Jurisdictional Discovery

Plaintiffs seek leave to file a renewed motion to remand. As in *Mondragon* Plaintiffs will have an opportunity to obtain jurisdictional discovery and renew the motion to remand. *Id.* at 885 ("We instruct the district court to allow Mondragon an opportunity, if he chooses to do so, to renew his motion to remand and to take jurisdictional discovery tailored to proving that more than two-thirds of the putative class are citizens of California."). Although the court's conclusion was based, in part, on the absence of prior guidance from the Ninth Circuit at the time plaintiff filed his motion to remand, this Court still finds it most efficient to allow Plaintiffs to conduct limited and expedient jurisdictional discovery tailored to the two-thirds issue and file a renewed motion to remand. *See Benko*, 789 F.3d at 1117 (allowing amendment of state court complaint to allow plaintiffs to "provide a federal court with the information required to determine whether a suit is within the court's jurisdiction under CAFA.").

///

Jurisdictional discovery shall be completed within 60 days. Any renewed motion to remand must be filed within 90 days. Discovery disputes shall be resolved by the Magistrate Judge.

## CONCLUSION

Plaintiffs' Motion to Remand is **DENIED** with leave to file a renewed motion to remand after conducting limited jurisdictional discovery.

**IT IS SO ORDERED.**

Dated: October 8, 2015

Hon. Roger T. Benitez
United States District Judge