UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT CALDERON, an individual on behalf of himself and all others similarly situated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TOTAL WEALTH MANAGEMENT, INC. et. al, <br><br> Defendants. | Case No.: 3:15-cv-01632-BEN-NLS <br><br> **ORDER:** <br><br> **1) DENYING PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT JUDGMENT;** <br><br> **2) DENYING DEFENDANT JED COOPER'S MOTIONS TO STRIKE AND DISMISS; and** <br><br> **3) DENYING JOINT MOTION FOR STAY** <br><br> **[Docket Nos. 99, 105, 117]** |

    Before the Court are Plaintiffs' request for entry of default judgment against Defendant Jed Cooper (Docket No. 99), Defendant Cooper's motion to strike and dismiss (Docket No. 105), and Plaintiffs and Defendant Cooper's joint motion for stay (Docket No. 177). The Court finds the motions suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set for below, each motion is **DENIED**.

### A. Plaintiffs' Request for Default Judgment

On March 24, 2017, Plaintiffs filed their request for the Clerk of Court to enter default judgment against Defendant Jed Cooper ("Cooper"). (Docket No. 99.) On May 4, 2017, Defendant Cooper filed a motion to strike and dismiss arguing, *inter alia*, that entry of default judgment against him would be improper because Plaintiffs failed to serve him with the operative Third Amended Complaint ("TAC"). (Docket No. 105.) Plaintiffs' opposition to Cooper's motion to dismiss does not deny that Plaintiffs failed to serve Cooper with the TAC. (*See* Docket No. 106, Pls.' Opp'n at 6-8.) Instead, Plaintiffs appear to argue that because Cooper was served with but never responded to the Second Amended Complaint (Docket No. 1-2, "SAC"), and "no allegations changed as to those asserted against Jed Cooper between the Second and Third versions," they are entitled to entry of default judgment for Cooper's failure to respond to the SAC. (Pls.' Opp'n at 10-11.) The Court disagrees.

Federal Rule of Civil Procedure 5[1] generally requires an amended complaint be served on every party. *See* Fed. R. Civ. P. 5(a)(1). The TAC, once filed, became the operative complaint, and because the Court did not order otherwise, Plaintiffs were required to serve it on Cooper. *Id.* Plaintiffs implicitly concede that they failed to serve the TAC on Cooper. (Pls.' Opp'n at 6-8, 10-11.) As a result, Plaintiffs' request for entry of default against Cooper for the allegations in the SAC is improper, and is therefore **DENIED**.

### B. Cooper's Motion to Strike and Dismiss

Cooper moves to strike Plaintiffs' request for entry of default judgment pursuant to Rule 12(b)(f), and to dismiss the claims against him pursuant to Rule 12(b)(6) and Rule 41(b). Rule 12(b)(f) permits a court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12

---

[1] Unless the stated otherwise, all future references to Rules in this Order are to the Federal Rules of Civil Procedure.

(emphasis added). Plaintiffs' request for entry of default is not a "pleading," rendering Cooper's motion to strike moot. Accordingly, Cooper's motion to strike is **DENIED**.

Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Cooper admits that due to unknown reasons, he did not respond to the SAC and only became aware of the request for entry of default from another party, despite Plaintiffs' continual prosecution of this action. (Docket No. 105, Def.'s Mot. at 4-6.)

There is strong policy underlying the Rules that favors decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted). Additionally, federal district courts are directed to construe, administer and employ the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of the procedural history of this case and these considerations, the Court finds dismissal of Plaintiffs' claims against Cooper pursuant to Rule 41(b) is not justified. Additionally, the Court finds Cooper's motion to dismiss for failure to state a claim premature because he was not properly served with the TAC. Therefore, Cooper's motion to dismiss is **DENIED without prejudice**. The Court shall permit Plaintiffs to effect proper service on Cooper, to which Cooper may file his answer or otherwise respond.

**C.   Joint Motion for Stay**

Finally, Plaintiffs and Cooper jointly move to stay the case on the grounds that the remaining defendants in the action are either under receivership, have not appeared and are awaiting default judgment,[2] or are part of Plaintiffs' appeal to the Ninth Circuit.[3]

---

[2] At the time the parties' joint motion was filed, the parties also indicated that a stay was warranted because Plaintiffs' request for entry of default against Cooper and Cooper's motion to strike and dismiss were still pending. However, as the Court has ruled on the request and motion, this ground is moot.
[3] Case No. 17-55217.

(Docket No. 117.) The Court disagrees that a stay is warranted or necessary. Based on the Court's rulings in this Order regarding Plaintiffs' request for entry of default judgment and Cooper's motion to strike and dismiss, Plaintiffs' action may proceed as to their claims against Cooper. The parties have not demonstrated that these claims are so inextricably tied to the Defendants in Plaintiffs' appeal to justify any further delay in this case. Therefore, the parties' joint motion for stay is **DENIED**.

## CONCLUSION

In sum, for all of the aforementioned reasons, Plaintiffs' request for entry of default judgment against Defendant Cooper, Defendant Cooper's motion to strike, and the parties' joint motion for stay are **DENIED**. Cooper's motion to dismiss is **DENIED without prejudice**. Plaintiffs shall serve Cooper with a copy of the TAC in accordance with the Rules within **seven (7) days** of the date of this Order. Cooper shall file his answer or otherwise respond to the TAC within **twenty-one (21) days** of its service.

**IT IS SO ORDERED.**

Dated: October 10, 2017

Hon. Roger T. Benitez
United States District Judge